UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

DAMEION PERKINS
2537 North Buffum Street
Milwaukee, WI 53212

    Plaintiff,

vs.                                       Case No: 18-CV-0179

COUNTY OF MILWAUKEE
Milwaukee County Courthouse
901 North 9th Street, Room 201
Milwaukee, WI 53233,

    and

SYLVANA RADMER, an individual,
Milwaukee County Courthouse
901 North 9th Street, Room 210
Milwaukee, WI 53233,

    and

SANDRA KELLNER, an individual,
Milwaukee County Courthouse
901 North 9th Street, Room 210
Milwaukee, WI 53233,

    Defendants.

---

**COMPLAINT**

---

COMES NOW the Plaintiff, Dameion Perkins, by his counsel, HEINS EMPLOYMENT LAW PRACTICE LLC, by Attorneys Janet L. Heins and Alan Freed, Jr., and THE LAW OFFICES OF J. BLACKNELL, by Attorney J. Blacknell, as and for a claim against the Defendants, alleges and shows to the court as follows:

## JURISDICTION AND VENUE

1. This is a 42 U.S.C. §§ 1983 and 1988 *et seq.*, statutory action, *inter alia,* seeking backpay, damages, attorney fees, and all other damages available from the Defendants for violations of Plaintiff's rights to freedom of speech and association, equal employment and equal protection of the laws.

2. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343, as this case involves the deprivation of civil rights.

3. Venue with regard to Plaintiff's claims is vested in this Court pursuant to 28 U.S.C. § 1391(b), *inter alia*. The unlawful employment practices alleged herein were committed in the Eastern Judicial District of the State of Wisconsin.

## PARTIES

4. The Plaintiff, Dameion Perkins, is an African-American adult male resident of the State of Wisconsin with a post office address of 2537 North Buffum Street, Milwaukee, WI 53212.

5. The Defendant, County of Milwaukee, was, at all times material herein, a Wisconsin municipal corporation with a principal address of 901 North 9th Street, Room 201, Milwaukee, WI 53233. At all times material herein, Defendant Milwaukee County acted "under color of law" within the meaning of 42 U.S.C. § 1983. The Milwaukee County Transit System ("MCTS") is a division of Defendant Milwaukee County.

6. The Defendant, Sylvana Radmer, an individual, was Defendant Milwaukee County's Director of Human Resources and a delegated final decision-maker as to who was hired at the Milwaukee County Transit System ("MCTS").

7. The Defendant, Sandra Kellner, an individual, was Defendant Milwaukee County's Chief Administrative Officer and a delegated final decision-maker as to who was hired at MCTS.

**FACTS**

8. Plaintiff is the brother of Dontre Hamilton, an African-American male who was shot and killed by Milwaukee Police in April 2014 in Red Arrow Park in Milwaukee, Wisconsin.

9. Following Hamilton's death, street protests and general civil unrest ensued in Milwaukee.

10. Plaintiff made numerous public statements following his brother's death supporting his brother and criticizing the Milwaukee Police Department and other public entities for their negligence and deliberate indifference in handling his brother's situation.

11. In early December 2016, Plaintiff applied to Defendant Milwaukee County for one of four open positions with MCTS as a cleaner/tanker, at the recommendation of the MCTS union president, James Macon.

12. At the time Plaintiff applied, Sandra Goins-Jones was Manager of Talent Acquisition and Development for Defendant Milwaukee County and in charge of all recruitment for MCTS. Ms. Goins-Jones worked for Defendant Milwaukee County from approximately February 2016 to February 2017, when Defendant terminated her employment.

13. At the time Plaintiff applied, Defendant Sandra Kellner was Defendant Milwaukee County's Chief Administrative Officer and was delegated a final decision-maker on who would receive the cleaner/tanker position at MCTS by Defendant Milwaukee County.

14. At the time Plaintiff applied, Defendant Sylvana Radmer was Defendant Milwaukee County's Director of Human Resources and was delegated a final decision-maker on who would receive the cleaner/tanker position at MCTS by Defendant Milwaukee County.

15. At the time Plaintiff applied, Rodney McCreight reported to Ms. Goins-Jones at Defendant.

16. Ms. Goins-Jones reviewed Plaintiff's application for MCTS cleaner/tanker, and she determined that he met all of the qualifications for the position.

17. Ms. Goins-Jones then contacted Mr. Macon at the MCTS union to discuss Plaintiff's candidacy, and she told Mr. Macon that Plaintiff was a good candidate for the cleaner/tanker position and that Defendant would like to bring him in as soon as possible for an interview for one of the four open positions of cleaner/tanker.

18. Rodney McCreight interviewed Plaintiff for the cleaner/tanker position at MCTS by telephone around mid-December 2016.

19. During his telephone interview for the MCTS cleaner/tanker position, Plaintiff disclosed to Mr. McCreight that Plaintiff was Dontre Hamilton's brother, and that he had been "fighting for justice for my family" in recent years.

20. After learning this information from Plaintiff, Mr. McCreight thereafter referred to Plaintiff exclusively as "Dontre Hamilton's brother," and he told Ms. Goins-Jones that he had interviewed "Dontre Hamilton's brother."

21. Ms. Goins-Jones told Defendant Radmer that Mr. McCreight stated to her that he had interviewed "Dontre Hamilton's brother" for the job.

22. Both Defendant Radmer and Defendant Kellner referred to Plaintiff as "Dontre Hamilton's brother" as well.

5

23. Defendant Radmer and Defendant Kellner ordered Ms. Goins-Jones to write a letter to Plaintiff stating that MCTS had selected another more qualified candidate for the position, despite knowing that MCTS had not filled any of the four open positions of cleaner/tanker and the order was a lie.

24. Defendant Radmer and Defendant Kellner told Ms. Goins-Jones that they did not want the negative attention that having Plaintiff working at MCTS would bring.

25. Plaintiff called Defendant Milwaukee County to check on the status of his application in January 2017 on several occasions, but he received no answer.

26. Plaintiff was the best-qualified candidate for the cleaner/tanker position at MCTS.

27. Ms. Goins-Jones called Plaintiff after early January 2017 to tell him that MCTS had filled the position of cleaner/tanker.

28. Ms. Goins-Jones later advised Plaintiff that Defendants Radmer and Kellner had five or six meetings at Defendant Milwaukee County about Plaintiff and his being related to Dontre Hamilton, and that Defendants Radmer and Kellner told Ms. Goins-Jones to tell Plaintiff the position was filled even though Defendant had no candidates.

29. Mr. Macon told Plaintiff after early January 2017 that MCTS would not hire him because Plaintiff was Dontre Hamilton's brother, but that Mr. Macon would keep fighting for Plaintiff to get the job.

30. During 2017, MCTS was audited by Defendant Milwaukee County's Board of Supervisors.

31. Plaintiff testified publicly before Defendant Milwaukee County's Board of Supervisors in approximately September 2017 (after the audit concluded) about MCTS' deliberate refusal to hire him for the MCTS position, as did Ms. Goins-Jones.

32. Defendants never hired Plaintiff for any position at MCTS.

33. At all times material herein, Defendants knew or should have known that Plaintiff was entitled to the full protection of federal laws prohibiting adverse action on the basis of protected speech, association and equal protection under the First and Fourteen Amendments to the United States Constitution.

34. Defendants knew, or should have known, that it had a duty to evaluate whether federal and state laws were being violated in its treatment of Plaintiff's employment application, but they, with deliberate indifference and without rational basis, disregarded that duty in refusing to employ Plaintiff without taking into account his protected status under federal and state law.

35. The discriminatory customs, policies and practices referred to in the above paragraphs were a proximate cause of Plaintiff's injuries.

## CONSTITUTIONAL CLAIMS FOR RELIEF

36. Plaintiff incorporates by reference and realleges paragraphs 1-35.

37. Defendants unlawfully and deliberately refused to hire Plaintiff for supporting his brother's civil rights and making public statements on a matter of public concern criticizing the Milwaukee Police Department and others for their treatment of his brother in violation of the First and Fourteenth Amendments to the U.S. Constitution and in violation of his free speech, association and equal protection rights as protected by 42 U.S.C. §§ 1983, 1988.

38. As a direct, foreseeable, and proximate result of Defendant's unlawful refusal to hire him, Plaintiff has suffered injury and damages in the form of lost wages, lost employment benefits, pain and suffering, and emotional distress. These damages continue into the present and will continue into the foreseeable future.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

1. Issue a declaratory judgment that the acts, policies, practices and procedures of Defendant violated the rights of the Plaintiff under the First and Fourteenth Amendments to the United States Constitution, as protected by 42 U.S.C. §§ 1983, 1988, *et seq.*;

2. Issue a permanent injunction against future acts, policies, practices and procedures that violate the First and Fourteenth Amendments to the United States Constitution, as protected by 42 U.S.C. § 1983, *et seq.*, by Defendants;

3. Order Defendant to make Plaintiff whole by providing appropriate back pay, compensatory and punitive damages, front pay, prejudgment and post-judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial;

4. Grant to Plaintiff his attorney fees, costs and disbursements pursuant to 42 U.S.C. § 1988, and all other applicable provisions; and

5. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY OF TWELVE AS TO ALL TRIABLE ISSUES**

Dated this 1st day of February, 2018.

HEINS EMPLOYMENT LAW PRACTICE LLC
Co-Counsel for the Plaintiff

*s/ Janet L. Heins* .
Janet L. Heins, WI Bar No. 1000677
Alan Freed, Jr., WI Bar No. 1056507

HEINS EMPLOYMENT LAW PRACTICE LLC
1001 West Glen Oaks Lane, Suite 103
Mequon, WI 53092
(262) 241-8444 voice
(262) 241-8455 facsimile
e-mail: jheins@heinslawoffice.com

THE LAW OFFICES OF J. BLACKNELL
Co-Counsel for the Plaintiff

*s/ Jovan L. Blacknell* .
Jovan L. Blacknell, CA Bar No. 237162

THE LAW OFFICES OF J. BLACKNELL
200 Corporate Pointe, Suite 495
Culver City, CA 90230
(310) 469-9117 voice
(310) 388-3765 facsimile
email: jovan@fight4justice.com